UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOANN HOLLAND and GARY HOLLAND, | |
| Plaintiffs, | Case No. 3:22-cv-00856 |
| v. | Judge William L. Campbell, Jr. |
| | Magistrate Judge Alistair E. Newbern |
| MOTORISTS COMMERCIAL MUTUAL INSURANCE COMPANY, | |
| Defendants. | |

## MEMORANDUM ORDER

Plaintiffs Joann Holland and Gary Holland (collectively, the Hollands) have moved to compel an appraisal in this action against Defendant Motorists Commercial Mutual Insurance Company (Motorists). (Doc. No. 10.) Motorists has responded in opposition (Doc. No. 19), and the Hollands have filed a reply (Doc. No. 21). For the reasons that follow, the motion to compel an appraisal (Doc. No. 10) will be denied without prejudice.

**I.   Background**

The Hollands own a commercial structure in Lebanon, Tennessee; Motorists insures the structure against property damage. (Doc. Nos. 1, 1-1.) The Hollands claim that the structure sustained storm damage on March 27, 2021, and December 11, 2021, "resulting in substantia direct, physical loss to the building, including but not limited to its roofs and associated water intrusion." (Doc. No. 1.) The Hollands allege that, after conducting an inspection, Motorists determined that the structure had sustained wind damage in the December 11, 2021 storm. (*Id.*) However, Motorists determined that the amount of the loss the Hollands sustained was less than their policy's $5,000.00 deductible and, thus, made no payment to the Hollands. (*Id.*) The Hollands

then notified Motorists "that they disagreed with the amount of loss determined by [Motorists]" and were "invoking the mandatory appraisal clause" of their policy. (*Id.*)

The policy's appraisal clause states in relevant part:

**Appraisal**

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

(*Id.*)

After the Hollands selected an appraiser, Motorists notified them "that it was rejecting their appraisal demand." (*Id.*)

The Hollands initiated this action against Motorists on October 20, 2022, invoking the Court's diversity jurisdiction. (*Id.*) The Hollands bring claims of breach of contract and statutory bad faith. (*Id.*) The Hollands state that Motorists'

> breach of contract includes the following, without limitation: (a) [Motorists'] failure and refusal to pay the amounts owed to [the Hollands] for the Loss pursuant to the insurance coverage afforded by the Policy; (b) [Motorists'] failure and refusal to promptly and fully honor [the Hollands'] claim for insurance benefits; and (c) [Motorists'] failure and refusal to submit the amount of loss dispute to appraisal.

(*Id.*)

The Hollands further state in support of their breach of contract claim that Motorists "refused to proceed with an appraisal of the amount of loss even when provided authority requiring [Motorists'] participation in the appraisal process." (*Id.*) In support of their statutory bad faith claim, the Hollands cite Motorists' "refusal to participate in the Policy's mandatory appraisal

process, which [the Hollands] properly demanded." (*Id.*) The Hollands ask the Court to award a judgment against Motorists that includes "specific performance of the Policy." (*Id.*)

II.     Analysis

In their motion to compel arbitration, the Hollands "seek to compel the mandatory appraisal provision of the subject insurance policy." (Doc. No. 11.) They argue that Motorists' "insurance policy mandates that appraisal be conducted if two conditions are met: (1) there is a dispute concerning the amount of the loss; and (2) a written demand for appraisal is made. Both conditions have been satisfied in this case." (*Id.*) Motorists respond that a motion to compel appraisal is procedurally improper because it "essentially seeks to compel specific performance of the contractual appraisal clause, asking for relief requested in the complaint." (Doc. No. 19.)

Addressing nearly identical circumstances, this Court found that a motion to compel arbitration is best understood as a motion for specific performance of the contractual appraisal clause. *Foster Real Est. Holdings, LLC v. The Phoenix Ins. Co.*, No. 3:21-CV-00135, 2021 WL 7084161, at *2 (M.D. Tenn. Aug. 3, 2021). So construed, resolving a motion to compel appraisal requires finding, among other issues, "'that a valid contract exists between the parties [and] that the obligations under the contract are sufficiently clear[.]'" *Id.* (quoting *Tennessee Valley Auth. v. Mason Coal, Inc.*, 384 F.Supp. 1107, 1111 (E.D. Tenn. 1974)). "Determination of these issues would effectively adjudicate the merits of significant parts of the parties' dispute. Unquestionably, allowing the appraisal . . . would foreclose [the insurer's] contention that the appraisal clause is inapplicable and unenforceable" and "arguably, if not outright, establishes Plaintiff's claim[s] for a contractual breach" and "arguably establishes that specific instance of alleged bad faith." *Id.* at *2. For these reasons, the Court found that "[n]one of these outcomes is appropriate in the contextual and procedural framework of a motion to compel appraisal." *Id.* It denied the motion to

3

Case 3:22-cv-00856   Document 30   Filed 09/26/23   Page 3 of 5 PageID #: 449

compel appraisal without prejudice to the plaintiff raising the issue of specific performance of the policy's appraisal clause in a motion for partial summary judgment. *Id.* at *3.

The Hollands' motion to compel appraisal is similarly dispositive. The relief they seek in the motion is the same specific performance they demand in their complaint; the findings they ask the Court to make as to the appraisal clause's applicability to their dispute are necessary to their breach of contract and statutory bad faith claims. *See State Farm Fire & Casualty Co. v. Harper*, 596 F.Supp.3d 1032, 1036 (M.D. Tenn. 2022) (finding motion to compel appraisal dispositive because it requested specific performance of the insurance policy's appraisal clause, which was "the same relief [the defendants] specifically request in their Counterclaim").[1] The Hollands cite cases in which other courts have granted motions to compel appraisal under Tennessee law.[2] (Doc. No. 11.) This Court, however, has generally required that dispositive issues regarding the enforcement of appraisal provisions be raised in dispositive motions and, following that authority, the Court will do so here as well.

---

[1] The Court resolved this issue in the context of a motion to compel arbitration after finding that that State Farm had "waived any argument that a motion to compel is not the proper procedural mechanism to seek specific performance of the appraisal clause." *State Farm*, 596 F.Supp.3d at 1036 n.1. Motorists has properly raised that objection in this case.

[2] The Hollands point to *The Cincinnati Insurance Company v. BMC Enterprises, Inc.*, Case No. 3:21-cv-00079, in which Defendant Bond Memorial sought leave to file partial summary judgment regarding the appraisal process in its insurance policy. *Cincinnati Insurance*, Doc. No. 42, Order (Oct. 25, 2021). Specifically, the Hollands cite the Court's finding that it was "not persuaded that summary judgment is the appropriate procedural vehicle for Bond Memorial's desired relief." Doc. No. 42, Order, PageID# 622 (Oct. 25, 2021). The Court went on to find, however, that, "[w]hile Bond Memorial states its intention to seek an order for the appraisal to proceed, it does not request an order compelling appraisal in the pending motion," but "submits that it intends to file a subsequent motion requesting that relief." *Id.* at PageID# 621. These additional findings show that the Court's finding was limited to the unique procedural posture of that case.

### III. Conclusion

For that reason, the Hollands' motion to compel appraisal is DENIED WITHOUT PREJUDICE to seeking the requested relief through a dispositive motion.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge